IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM STEPHEN SOLESBEE**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:01-CR-0027-D** |
| | § | **(3:06-CV-2068-L**) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner's William Stephen Solesbee's Motion to Vacate Under 28 U.S.C. 2255, filed November 8, 2006. Magistrate Judge Paul D. Stickney entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on November 6, 2007, with respect to the motion. Petitioner William Stephen Solesbee ("Petitioner") filed objections to the Report on December 14, 2007.

This action, brought pursuant to 28 U.S.C. § 2255, challenges Petitioner's criminal conviction for various types of fraud and money laundering, totaling thirteen counts. Petitioner requests that the court vacate his conviction on all counts.[1] On January 29, 2007, the district court vacated Petitioner's conviction with respect to count eight.[2] Petitioner had already served his sentences of incarceration on the remaining counts, so the court ordered his immediate release; Petitioner thereafter began serving his three-year term of supervised release. The Report concludes

---

[1] The trial court dismissed count nine, and the government conceded error on count eleven.

[2] Accordingly, Petitioner's motion contests his conviction with respect to only counts one through seven, ten, twelve, and thirteen.

**Memorandum Opinion and Order – Page 1**

that Petitioner's motion did not show entitlement to relief, and the magistrate judge accordingly recommends that Petitioner's motion be denied.

Petitioner's first objection is to the magistrate judge's finding that Petitioner was not compelled to attend his trial wearing prison garb. Petitioner contends that he was "left with no option to dress in civilian clothing which was an improper indicia of guilt." Pet.'s Obj. 2. The law is clear that an accused cannot be compelled to stand trial before a jury in identifiable prison clothes. *Estelle v. Williams*, 425 U.S. 501, 512-13 (1976). Identifiable prison clothing is defined as "an identifiable prison uniform, not civilian clothes belonging to the accused that he happened to be wearing in prison." *United States v. Fideler*, 457 F.2d 921, 922 (5th Cir. 1972). Although Petitioner argues that he was not able to wear the civilian clothes that he happened to be wearing in prison, he has failed to show that he was dressed in an identifiable prison uniform. It is undisputed that Petitioner was not adorned with the iconic orange jumpsuit often associated with prisoners. There is simply no indication in the record that his outfit, composed of a gray T-shirt, blue jeans, and blue canvas shoes, constituted an "identifiable prison uniform," nor is there any indication that the jury interpreted Petitioner's outfit as an identifiable prison uniform. Absent such evidence, the court determines that there was no resulting "indicia of guilt" from Petitioner's attire. Petitioner's objection is overruled.

Petitioner's second objection is to the magistrate judge's finding that the Speedy Trial Act ("STA") was not violated. Petitioner contends that the trial court violated the STA when it granted continuances without explicitly stating its reasons for doing so and that such conduct warranted dismissal of the indictment. The STA provides that "[no] continuance granted by the court . . . shall be excludable under [the STA] unless the court sets forth, in the record of the case, either orally or

in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The magistrate judge reached the conclusion that the reasons of the district court were "apparent from the record," given the nature of the motions for continuance requested by Petitioner. The court agrees. In granting Petitioner's request for continuances, a reasonable inference can be drawn that the district court incorporated by reference the reasons set forth in Petitioner's unopposed motions for continuance in its orders extending trial deadlines. Moreover, the Fifth Circuit has made clear that it follows the "sensible maxim that defendants ought not to be able to claim relief on the basis of delays which they themselves deliberately caused." *United States v. Whitfield*, 590 F.3d 325, 358 (5th Cir. 2009); *see United States v. Jackson*, 549 F.3d 963, 970-71 (5th Cir. 2008) (finding that any delay caused by a defendant's own requests for continuances would be discounted for Sixth Amendment speedy trial purposes). Although Petitioner further argues that the magistrate judge erroneously found that Petitioner is judicially estopped from raising STA issues, the magistrate judge made no such finding. Petitioner's objection is overruled.

Petitioner's third objection is to the magistrate judge's finding that Petitioner is procedurally barred from raising the issue of prosecutorial misconduct. Petitioner argues that such misconduct is an error of constitutional dimension that must be addressed within the context of this action. The magistrate judge determined that Petitioner was procedurally barred because he failed to raise the issue of prosecutorial misconduct in the trial court or on direct appeal. Petitioner does not dispute that he failed to raise this issue at the state court level. Under the Texas Rules of Appellate Procedure, to present a complaint for appellate review, the record must establish that a complaint was made to the trial court by a timely request, objection, or motion and that the trial court made a

**Memorandum Opinion and Order – Page 3**

ruling or refused to rule. Tex. R. App. P. 33.1. The record here reflects that Petitioner did not comply with this state procedural rule in preserving the alleged error of prosecutorial misconduct. Such default requires a showing of cause and prejudice attendant to the state procedural waiver for the federal court to review the complaint. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). As the magistrate judge noted, Petitioner has not shown cause with respect to his procedural default at the state level. Finding that Petitioner still has not shown cause with respect to his procedural default, the court agrees with the magistrate judge and overrules Petitioner's objection.

Petitioner's fourth objection is to the magistrate judge's finding that the exhibits attached to Petitioner's motion do not constitute competent evidence in support of Petitioner's ineffective assistance of counsel claim. Petitioner argues that his exhibits prove that his counsel should have made a proper pretrial investigation and put certain witnesses on the stand to better corroborate Petitioner's "good faith" defense. The court has reviewed Petitioner's exhibits and finds Petitioner's argument unpersuasive. His exhibits do not support the conclusory allegations made in his memorandum. As one example, Petitioner contends that Hutchinson, the individual who sold Petitioner the Lausanne property, has "unclean hands" in the transaction, which would somehow have affected Petitioner's liability for bankruptcy fraud. In support of this assertion, Petitioner provides an exhibit detailing the seller's disclosure of property condition. *See* Pet.'s Ex. E. The seller's disclosure does not mention anything about asbestos or a boiler in the property's basement, yet Petitioner contends in his memorandum that extensive deposits of asbestos were present in the property and that the basement boiler was both condemned and not licensed. Petitioner contends that these omissions from the seller's disclosure prove that Hutchinson had "unclean hands." The absence of asbestos or a basement boiler from the seller's disclosure, however, does not prove or

**Memorandum Opinion and Order – Page 4**

establish Petitioner's contentions; there are no exhibits demonstrating that asbestos deposits existed or that there was a condemned, unlicensed basement boiler. The seller's disclosure, like the rest of Petitioner's exhibits, does not constitute competent evidence. Even if it did, such evidence would not entitle Petitioner to habeas relief. The court agrees with the magistrate judge and overrules Petitioner's objection.

Petitioner's fifth objection is to the magistrate judge's finding that counts two through six of the indictment did not allege the existence of a law requiring Petitioner to deposit money from airline and hotel ticket sales into an Airline Reporting Corporation ("ARC") account. Petitioner argues that, at trial, the government hinged its closing argument on the notion that Petitioner broke the law when he failed to make such a deposit. Petitioner vehemently asserts that there was no such law and that the government's closing argument, coupled with similar testimony from witness Edie Strittmatter, prejudiced the jury's deliberations. The magistrate judge discounted Petitioner's argument because it is apparent on the record that the indictment did not allege that the failure to deposit such funds into an ARC account constituted a violation of the law; moreover, the trial judge did not charge the jury on the existence of such a law. The indictment charged Petitioner with multiple counts of wire fraud (counts two through six) involving wire transmissions in furtherance of his scheme to defraud airlines and hotels by not depositing funds into the ARC account. Whether Petitioner's failure to make such deposits was illegal is quite beside the point; what was relevant is that he used wire transmissions to further his scheme. Any argument or testimony that suggested that his failure to make deposits was illegal did not affect the jury's charge, and the jury was not asked to make a finding on this point. The court accordingly agrees with the magistrate judge and finds Petitioner's contentions here to be without merit. Petitioner's objection is overruled.

**Memorandum Opinion and Order – Page 5**

Petitioner's sixth objection is to the magistrate judge's finding that counsel's assistance was not constitutionally ineffective for failing to call William Sheetz as a witness. Petitioner contends that Sheetz's testimony would have demonstrated that Petitioner did not intend to conceal an equipment exchange from the bankruptcy trustee, which would have enhanced his trial defense. The magistrate judge notes, however, that Petitioner failed to show that Sheetz would have testified if called or that such testimony would have even been favorable. The record establishes that the decision not to call Sheetz to the stand was a matter of trial strategy for multiple reasons. Sheetz never provided an affidavit for Petitioner despite Petitioner's request for one. Petitioner's evidence shows that Sheetz, who always came up with "a new twist," repeatedly declined to execute proposed drafts of the affidavit. Pet.'s Ex. WW at 2 ¶ 10. Further, there were issues present that could have affected Sheetz's credibility as a trial witness; namely, that Sheetz was aware that Petitioner had provided information to the government about Sheetz in the hopes of obtaining a plea agreement. There is more than enough evidence to support counsel's decision to not call Sheetz to the stand as a matter of trial strategy, rather than as a matter of constitutionally ineffective assistance. Petitioner's arguments cannot rebut the deference that courts afford counsel's trial strategy. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) ("Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.") (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)) (internal quotations omitted). Petitioner's objection is overruled.

Petitioner's seventh objection is to the magistrate judge's finding that counsel's failure to call to the stand the notary public, who notarized the signature of government witness Sylvia Green on a compromise settlement agreement, was not constitutionally ineffective assistance of counsel.

**Memorandum Opinion and Order – Page 6**

Petitioner urges that the notary public would have testified that Green did not read the document before signing it. Petitioner further contends that the failure to read a notarized document is not a legal defense to its execution and seems to imply that the government was allowed to make this argument at trial without objection. The trial record makes clear, however, that counsel, through cross examination, established that Green signed the agreement voluntarily, without coercion, and swore to the notary public that the recitals therein were true. The magistrate judge notes that the notary public's testimony would have been cumulative, and the court agrees. It is apparent that Petitioner wanted to demonstrate that Green validly executed the document she signed. Petitioner's counsel was able to establish this without placing the notary public on the stand. Petitioner's objection is overruled.

Petitioner's eighth objection is to the magistrate judge's finding that counsel's decision to not attack the drinking and depression problems of government witness Wade Sommer was not constitutionally ineffective assistance of counsel. Petitioner asserts that counsel abandoned his good faith defense as to counts twelve and thirteen of the indictment. As the magistrate judge notes, however, impeaching Sommer would not have provided a good faith defense. The trial record establishes that Petitioner made misleading representations to Sommer concerning a cashier's check for $4,500, a key element of counts twelve and thirteen. This fact would not have been superseded by an attack on Sommer's credibility. That impeaching Sommer would have had no effect on demonstrating a good faith defense makes clear to the court that counsel's decision not to tread that path was a matter of trial strategy, not ineffective assistance. Petitioner's objection is overruled.

Petitioner's ninth objection is to the magistrate judge's finding that counsel did not provide constitutionally ineffective assistance with respect to communicating with Petitioner before and

during trial. Petitioner contends generally that he was unable to communicate with counsel about the untruthful and inaccurate testimony of most of the witnesses at trial, which left counsel uninformed and an ineffective advocate. The court disagrees with Petitioner's contention that his counsel was an uninformed, ineffective advocate. Petitioner's argument here is essentially a repeat of his other ineffective assistance of counsel arguments made in prior objections. The record reflects that counsel conducted an investigation of relevant matters for trial and made strategic decisions with respect to interacting with the witnesses. The argument that Petitioner advances suggests that he would have preferred his counsel to explicitly accuse most of the witnesses of lying. The impact that such an approach would have had on the jury is questionable, and such impact was likely a consideration in counsel's decision to not adopt that approach. The magistrate judge made findings on the record that counsel had been in touch with Petitioner before and during trial, and the court agrees with those findings. Further, the court determines that counsel's interaction with the witnesses did not render the assistance provided uninformed or ineffective. Petitioner's Sixth Amendment right to effective assistance of counsel was not violated. Petitioner's objection is overruled.

Petitioner's tenth objection is to the magistrate judge's finding that any objections to witness testimony relating to Petitioner's prior and unrelated arrests or near arrests would have been frivolous under Rule 609 of the Federal Rules of Evidence. To clarify, Petitioner concedes that such objections under Rule 609 would have been wrongfully raised; however, Petitioner now argues that counsel's failure to object to such testimony under Rule 404 produced ineffective assistance and error. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith." Fed. R. Evid. 404(b). The

rule goes on to state, however, that such evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* Petitioner does not explain why Rule 404(b) was violated. He has not alleged that such evidence was not admissible for any other legitimate purpose. Moreover, Petitioner has not shown that such evidence was unfairly prejudicial under Rule 403. For evidence to be excluded under this rule, the probative value of the evidence must be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." *Id.* 403. Petitioner makes no showing as to the probative value being substantially outweighed by any of the rule's applicable considerations. Petitioner's objection is overruled.

Petitioner's eleventh objection is to the magistrate judge's finding that counsel was familiar with the law and facts of Petitioner's case. Petitioner argues that he has evidence showing that his counsel has failed in his legal duties to other clients. The court determines, however, that such evidence is irrelevant to this case. Petitioner next contends that his counsel did not conduct basic legal research because counsel could not identify a venue error on the face of the indictment. The right to counsel, however, is not the right to error-free counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") (citations omitted). The reviewing court "must indulge a strong presumption that counsel's conduct falls within the *wide range of reasonable professional assistance*." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (emphasis added). The trial record establishes that counsel made multiple objections to the government's arguments and evidence at trial, many of which were overruled. The magistrate judge's Report was also replete with findings of counsel's lawyerly conduct at trial, which demonstrates that he had familiarity with the law and

facts of Petitioner's case. Petitioner nevertheless argues that counsel put forth no meaningful defense to any count of the indictment. The court determines that this contention is both conclusory and not supported by the record. Pursuant to the deference afforded to an attorney's trial strategy under *Strickland*, and mindful that the right to counsel does not absolutely guarantee the right to error-free counsel, the court determines that counsel's assistance was not constitutionally ineffective. Petitioner's objection is overruled.

Petitioner's twelfth objection is to the magistrate judge's finding that the assistance of Petitioner's appellate counsel was not constitutionally ineffective. Petitioner argues that the magistrate judge ignored the Fifth Circuit's opinion regarding Petitioner's direct appeal. In its opinion, the Fifth Circuit stated that "Solesbee [did] not offer specific explanations as to why each portion of the complained-of testimony was improper. He just argues generally that none of them fit[s] within the Fed. R. Evid. 404(b) exceptions." *United States v. Solesbee*, 94 F. App'x 207, 219 (5th Cir. 2004). Petitioner argues that this verbiage is a clear indication of appellate counsel's failure to offer explanations regarding the Rule 404(b) objections raised, and that such failure amounted to a reasonable probability that, but for the errors of appellate counsel, the result of the appeal would have been different. The court disagrees. Contrary to Petitioner's contention, the magistrate judge directly addressed the Fifth Circuit opinion. The magistrate judge noted that here Petitioner fails to offer specific explanations of what counsel should have provided, both in evidence and in argument, to change the decision of the appellate court. Without such a linchpin to advance his contention, Petitioner's statements are nothing more than conclusory suggestions. Petitioner has not demonstrated that he was prejudiced under *Strickland*, and his objection is overruled.

Having reviewed the petition, file, record, objections, and Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court accordingly **denies** Petitioner's Motion to Vacate Under 28 U.S.C. 2255.

**It is so ordered** this 26th day of May, 2010.

                                                 Sam A. Lindsay
                                                 United States District Judge